UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LACEY COSHOW,<br><br>                  Plaintiff,<br><br>      v.<br><br>KONAMI GAMING,<br><br>                  Defendant. | Case No. 2:16-cv-02383-APG-VCF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**(ECF No. 8)** |

Defendant Konami Gaming, Inc. filed a motion to dismiss the complaint for lack of proper service because service was both untimely and not made on a person with authority to accept service on Konami's behalf. Plaintiff Lacey Coshow did not respond. I therefore grant the motion to dismiss as unopposed. LR 7-2(d).

I also grant the motion on the merits. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. The plaintiff then has the burden of demonstrating that service of process was valid. *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996). Actual notice of a lawsuit will not subject a defendant to personal jurisdiction "if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quotation omitted).

Coshow filed the complaint on October 12, 2016. ECF No. 1. She thus had until January 10, 2017 to serve Konami. *See* Fed. R. Civ. P. 4(m). On January 11, 2017, the clerk of court issued a notice advising Coshow to file proof of service or the case would be dismissed without prejudice. ECF No. 6. On January 20, Coshow filed proof of service showing Konami was

1  served on January 18 by serving Christine Sweitzer, a human resources analyst for Konami. ECF
2  Nos. 7, 8-3.  The service therefore was untimely.  Moreover, Konami has presented evidence that
3  Sweitzer was not authorized to accept service on Konami's behalf. *See* ECF Nos. 8-3, 8-4.
4  Because Coshow did not respond to the motion to dismiss, she has not shown service of process
5  was valid.

6  I nevertheless must extend the 90-day time limit of Rule 4(m) if Coshow shows good
7  cause for failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir.
8  2009).  Coshow bears the burden of demonstrating good cause for the delay. Fed. R. Civ. P. 4(m);
9  *see also Boudette v. Barnette*, 923 F.2d 754, 755 (9th Cir. 1991).  Generally, good cause is
10 equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).
11 A showing of good cause requires more than inadvertence or mistake of counsel. *Id.*  "[A]t a
12 minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.
13 2001) (quotation omitted).

14 Because Coshow did not respond to the motion to dismiss, she has not shown good cause
15 for extending the service deadline.  I therefore will dismiss this case without prejudice for failure
16 to timely and properly serve Konami.

17 IT IS THEREFORE ORDERED that defendant Konami Gaming, Inc.'s motion to dismiss
18 **(ECF No. 8) is GRANTED**.  Plaintiff Lacey Coshow's complaint **(ECF No. 1) is DISMISSED**
19 **without prejudice**.  The clerk of court is instructed to close this case.

20 DATED this 1st day of March, 2017.

                                   _____
                                   ANDREW P. GORDON
                                   UNITED STATES DISTRICT JUDGE